**No. 19-15625**

**UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

DANELLE SINCLAIR, ET AL.,
Plaintiff-Appellant, v.

TWITTER, INC., ET AL.,
Defendants-Appellees.

ON APPEAL FROM THE UNITED STATES
DISTRICT COURT FOR THE NORTHERN
DISTRICT OF CALIFORNIA, Case No. 17-CV-05710
The Honorable Saundra B. Armstrong

**APPELLANT'S OPENING BRIEF**

Keith Altman, Esq.
THE LAW OFFICE OF KEITH ALTMAN
33228 West 12 Mile Road, Suite 375
Farmington Hills, MI 48334
Tel: (248) 987-8929
keithaltman@kaltmanlaw.com
*Counsel for Appellants*

## **DISCLOSURE STATEMENT**

Disclosure statement is not required as Appellant is an individual. Fed. R. App. P. 26.

# **TABLE OF CONTENTS**

DISCLOSURE STATEMENT ................................................................................. i

TABLE OF AUTHORITIES ................................................................................ iii

STATEMENT CONCERNING ORAL ARGUMENT .............................................1

JURISDICTIONAL STATEMENT ........................................................................1

ISSUES PRESENTED..............................................................................................1

STATEMENT OF THE CASE.................................................................................1

SUMMARY OF THE ARGUMENT .......................................................................4

STANDARD OF REVIEW ......................................................................................5

ARGUMENT ............................................................................................................5

CONCLUSION.........................................................................................................6

CERTIFICATE OF COMPLIANCE ........................................................................8

CERTIFICATE OF SERVICE .................................................................................9

# **TABLE OF AUTHORITIES**

**Cases**

*Covey v. Hollydale Mobilehome Estates*, 116 F.3d 830 (9th Cir.) ............................ 5

*FDIC v. Jenson* (In re Jenson), 980 F.2d 1254, 1256 (9th Cir. 1992) ........................ 5

*Gonzalez v. Google LLC*, 143 S. Ct. 1191 (2023) ......................................... 1, 4, 5, 7

*Matter of Beverly Hills Bancorp*, 752 F.2d 1334 (9th Cir. 1984) .............................. 6

*Nguyen v. United States*, 792 F.2d 1500, 1502 (9th Cir. 1986) ................................ 6

*Quern v. Jordan*, 440 U.S. 332, 347 n.18, 59 L. Ed. 2d 358, 99 S. Ct. 1139 (1979) 6

*Rogers v. Hill*, 289 U.S. 582, 587-88, 77 L. Ed. 1385, 53 S. Ct. 731 (1933) ............. 6

*Sprague v. Ticonic National Bank*, 307 U.S. 161, 168, 83 L. Ed. 1184, 59 S. Ct. 777 (1939) ................................................................................................................ 6

*Stevens v. F/V Bonnie Doon*, 731 F.2d 1433, 1435 (9th Cir. 1984) .......................... 6

*Trustees of Cal. State Univ. v. Riley*, 74 F.3d 960, 963 (9th Cir. 1996) .................... 5

*Twitter, Inc. v. Taamneh*, 143 S. Ct. 1206 (2023) ......................................... 1, 4, 5, 7

**Statutes**

18 U.S.C. § 2333 ................................................................................................ 1, 3, 4

18 U.S.C. § 2334 ........................................................................................................ 1

18 U.S.C. § 2339B ..................................................................................................... 2

28 U.S.C. §1291 ......................................................................................................... 1

28 U.S.C. §1331 ..................................................................................................1

31 C.F.R. § 594.204 ...........................................................................................2

50 U.S.C. § 1705 ................................................................................................2

**Rules**

Fed. R. Civ. P 15 ................................................................................................5

## STATEMENT CONCERNING ORAL ARGUMENT

Plaintiffs do not request oral argument concerning the issues raised herein.

## JURISDICTIONAL STATEMENT

This is an appeal from the district court's final jusgment in a civil case. The court had jurisdiction pursuant to 28 U.S.C. §1331 and 18 U.S.C. § 2333 and 18 U.S.C. § 2334. The court entered a final judgement on March 20, 2019.

This court has jurisdiction under 28 U.S.C. §1291. The present case was stayed pending a decision from the United States Supreme Court in two sister cases *Gonzalez v. Google LLC*, 143 S. Ct. 1191 (2023) and *Twitter, Inc. v. Taamneh*, 143 S. Ct. 1206 (2023). Decisions by the United Stated Supreme Court were rendered on May 18, 2023. The stay on the present case was lifted on May 26, 2023.

## ISSUES PRESENTED

The United States Supreme Court issued decisions in *Gonzalez v. Google LLC*, 143 S. Ct. 1191 (2023) and *Twitter, Inc. v. Taamneh*, 143 S. Ct. 1206 (2023) on May 18, 2023. As a result of the opinions by the Supreme Court, an issuance of remand allowing the Plaintiff's to amend the operative complaint and for further proceedings is requested.

## STATEMENT OF THE CASE

This case is about law and responsibility.

In 1994, following Al-Qaeda's 1993 bombing of the World Trade Center, Congress enacted 18 U.S.C. § 2339A, making it a crime to provide material support or resources, knowing that they are to be used in preparation for, or in carrying out terrorist activity. In 1996, Congress enacted 18 U.S.C. § 2339B, making it a crime to knowingly provide material support to a designated "foreign terrorist organization" ("FTO"). In 2001, in response to the "9/11" terrorist attacks, Executive Order No. 13224 ("EO 13224") banned the provision of any funds, goods, or services to, or for the benefit of, a "specially designated global terrorist" ("SDGT"). See 31 C.F.R. § 594.204; 50 U.S.C. § 1705. They are not about content; they are about how material support is to be used (§ 2339), or to whom it is provided (§ 2339B), or for whose benefit services are made available (EO 13224).

This case concerns Twitter, Facebook, and Google and their online social media platforms. Defendants have stubbornly refused to cease providing its platforms to FTO's and SDGT's, including ISIS, since at least 2008. Since then, ISIS' open use of Defendants' platforms has exploded and Defendants have continued to defy federal law by knowingly providing material support, resources, and services to ISIS.

Congress has provided a means of enforcing the federal criminal antiterrorism statutes. In 1992, Congress enacted the U.S. Antiterrorism Act ("ATA"), which established a private cause of action under 18 U.S.C. § 2333 by U.S. nationals

2

injured by acts of international terrorism. As Congress considered the ATA, the focus was not merely on compensating victims, but on "add[ing] to the arsenal of legal tools that can be used against those who commit acts of terrorism against United States citizens abroad.". In support of the ATA, the State Department testified that the very "existence of such a cause of action…may deter terrorist groups…[and] increase[e] obstacles to terrorist operations."

The "material support" statutes, 18 U.S.C. §§ 2339A-2339C and EO 13224 were designed to cut off terrorists' access to resources for operating, planning, and carrying out their activities, by holding anyone who provides such resources to terrorists responsible for their own illegal conduct. Courts recognized that these statutes could also be enforced via the ATA's private right of action pursuant to § 2333.

In September 2016, Congress enacted the "Justice Against Sponsors of Terrorism Act" ("JASTA"), Pub. L. No. 114-222 (2016), affecting anyone—individuals, entities, or foreign states—who knowingly assists or enables terrorist organizations. JASTA expanded the ATA by authorizing private rights of action under 18 U.S.C. § 2333(d) for "aiding and abetting" and "conspiracy" in relation to acts of international terrorism committed, planned, or authorized by an FTO.

The Estate and family of Jared Tucker filed this lawsuit pursuant to 18 U.S.C. § 2333. Defendants knowingly provided resources and assistance to ISIS via

Defendants' social media platforms. ISIS has seized upon Defendants' platforms as tools and weapons of terrorism. As platforms that offer tools to further ISIS's goals and operations, Defendants' sites played an essential role in the rise of ISIS. And it played a major role in the recruitment, preparation, and execution of the horrific ISIS terrorist attack in Barcelona on August 17, 2017, that murdered 14 people, including Jared Tucker, who was viciously struck by a truck driven by ISIS soldier Younes Abouyaaquob ("Abouyaaquob"). There, contrary to Defendants' assertions, Plaintiff pleads in explicit detail how ISIS was involved in the Barcelona attack, claiming responsibility for the attack.

The present case was stayed pending the outcome of two sisters cases, *Gonzalez v. Google LLC*, 143 S. Ct. 1191 (2023) and *Twitter, Inc. v. Taamneh*, 143 S. Ct. 1206 (2023). The Supreme Court rendered their opinions on the sister cases on May 18, 2023. As a result of the opinions by the Supreme Court, an issuance of remand allowing the Plaintiff's to amend the operative complaint and for further proceedings is requested.

## SUMMARY OF THE ARGUMENT

The Appellant brought forth the present case seeking to hold the Appellee liabile for aiding and abetting terrorist organizations that resulted in the deaths of numerous individuals.

The United States Supreme Court issued decisions in *Gonzalez v. Google LLC*, 143 S. Ct. 1191 (2023) and *Twitter, Inc. v. Taamneh*, 143 S. Ct. 1206 (2023) on May 18, 2023. As a result of the opinions by the Supreme Court, an issuance of remand allowing the Plaintiff's to amend the operative complaint and for further proceedings is requested.

## STANDARD OF REVIEW

The district court's grant of summary judgment is reviewed de novo. *Trustees of Cal. State Univ. v. Riley*, 74 F.3d 960, 963 (9th Cir. 1996). In reviewing a grant of summary judgment, the court must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there is any genuine issue of material fact and whether the district court correctly applied the relevant substantive law. *Covey v. Hollydale Mobilehome Estates*, 116 F.3d 830 (9th Cir.). The "preclusive effect of a prior judgment is a question of law subject to de novo review." *FDIC v. Jenson* (In re Jenson), 980 F.2d 1254, 1256 (9th Cir. 1992).

## ARGUMENT

Rule 15(a) of the Federal Rules of Civil Procedure provides that "leave [to amend] shall be freely given." Fed. R. Civ. P 15. Absent a mandate which explicitly directs to the contrary, a district court upon remand can permit the plaintiff to "file additional pleadings, vary or expand the issues . . . ." *Rogers v. Hill*, 289 U.S. 582, 587-88, 77 L. Ed. 1385, 53 S. Ct. 731 (1933). "'While a mandate is controlling as to

matters within its compass, on the remand a lower court is free as to other issues.'" *Quern v. Jordan*, 440 U.S. 332, 347 n.18, 59 L. Ed. 2d 358, 99 S. Ct. 1139 (1979) (quoting *Sprague v. Ticonic National Bank*, 307 U.S. 161, 168, 83 L. Ed. 1184, 59 S. Ct. 777 (1939)). Thus, although the mandate of an appellate court forecloses the lower court from reconsidering matters determined in the appellate court, it "leaves to the district court any issue not expressly or impliedly disposed of on appeal." *Stevens v. F/V Bonnie Doon*, 731 F.2d 1433, 1435 (9th Cir. 1984).

The Court in *Matter of Beverly Hills Bancorp*, 752 F.2d 1334 (9th Cir. 1984), held that " although amendment of pleadings following remand may be permitted, such amendment cannot be inconsistent with the appellate court's mandate". *Nguyen v. United States*, 792 F.2d 1500, 1502 (9th Cir. 1986).

In the furtherance of justice, Appellant requests that this Honorable Court remand the present case to the District Court for amendment to the operative complaint in line with the Supreme Court's ruling in *Gonzalez* and *Taamneh*.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court remand the case to the District Court to allow Plaintiff to amend the operative complaint in line with the decision by the Supreme Court in *Gonzalez v. Google LLC*, 143 S. Ct. 1191 (2023) and *Twitter, Inc. v. Taamneh*, 143 S. Ct. 1206 (2023).

Dated: July 31, 2023					Respectfully Submitted,

							*/s/ Keith Altman*
							Keith Altman, Esq.
							THE LAW OFFICE OF KEITH ALTMAN
							33228 West 12 Mile Road, Suite 375
							Farmington Hills, MI 48334
							Tel: (248) 987-8929
							keithaltman@kaltmanlaw.com

							*Counsel for Appellants*

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

Form 8. Certificate of Compliance for Briefs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form08instructions.pdf

**9th Cir. Case Number(s)** 19-15625

I am the attorney or self-represented party.

**This brief contains** 1,379 **words,** including ____ words manually counted in any visual images, and excluding the items exempted by FRAP 32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

- ( • ) complies with the word limit of Cir. R. 32-1.
- ( ) is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.
- ( ) is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).
- ( ) is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.
- ( ) complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
  - [ ] it is a joint brief submitted by separately represented parties.
  - [ ] a party or parties are filing a single brief in response to multiple briefs.
  - [ ] a party or parties are filing a single brief in response to a longer joint brief.
- ( ) complies with the length limit designated by court order dated ____.
- ( ) is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** s/ Keith Altman    **Date** July 31, 2023
*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 8**                                                        Rev. 12/01/22

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2023, I electronically filed the above document with the Clerk of the Court using its CM/ECF system, which will send electronic notification of such filing to all registered counsel.

/s/ *Keith Altman*